Max Gross v. Commissioner.
Gross v. Commissioner
Docket No. 12467.
United States Tax Court
1947 Tax Ct. Memo LEXIS 79; 6 T.C.M. (CCH) 1046; T.C.M. (RIA) 47263; September 30, 1947
*79 Milton H. Friedman, Esq., for the petitioner. Thomas R. Charshee, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency of $4,453.99 in income tax for 1943. The petitioner alleges in his petition that the respondent erred in disallowing a bad debt deduction of $7,633.45. Findings of Fact The petitioner is a resident of Buffalo, New York, and is vice-president of the Chic-Maid Hat Manufacturing Company, Inc. He filed his return for 1943 with the collector of internal revenue for the 28th district of New York. Several years prior to 1943 the practitioner became acquainted with Harry Sokol, an itinerant salesman. Sokol visited his customers at their offices or places of business and sold them shirts, ties, office and other articles of wearing apparel from merchandise which he carried in suitcases. The petitioner was one of such customers. During 1943 Sokol came to the petitioner's office and told him that someone had broken into his automobile and had stolen his merchandise, and that he was "down and out". At his request the petitioner agreed to advance him funds to purchase a new stock of merchandise, *80 with the understanding that they would split the profits on its sales. On that agreement the petitioner gave Sokol a check for $175 on March 16, 1943, another for $600 on May 24, 1943, and another for $765 on August 18, 1943. Also, during 1943, the petitioner advanced sums of money to Sokol by checks sent to Johnny Gladstone, who was the New York City representative of Chic-Maid Hat Manufacturing Company, Inc., aggregating $8,000. Of the total amount so advanced, $9,540, Sokol made repayments to the petitioner during 1943 of $1,906.55, leaving an unpaid balance of $7,633.45. About September, 1943, the petitioner learned that Sokol had disappeared and swore out a warrant for him on a charge of larceny. Sokol was arrested on his return to Buffalo later in that year. A hearing was had and the court dismissed the case on the ground that no larceny had been committed and that the petitioner should seek relief in a civil suit. The petitioner then undertook to institute such civil suit but was unable to get service on Sokol. He disappeared soon after his release by the court and his whereabouts have been unknown to the petitioner since that time. In his income tax return for 1943 the *81 petitioner claimed a deduction, on line 16, as "Other deductions authorized by law," of $7,633.45, with the following explanation: "Advanced $9,500 to Harry Sokol - Hotel Statler - to engage in business enterprise. Sokol skipped after returning $1900, leaving net loss of $7,633.45." The respondent states in his brief: "* * * Petitioner claims a deduction of $7,633.45 in 1943 as an alleged loss in a joint venture. The Commissioner denied the deduction in the deficiency letter for lack of substantiation." Opinion LEMIRE, Judge: The evidence before us affords ample substantiation of the loss which petitioner claimed in his return, in the amount of $7,633.45. The original checks showing the advancement of the funds to Sokol were put in evidence. The uncontradicted testimony of the petitioner and his witness supply the other necessary facts. After receiving the funds from the petitioner in the total amount of $9,540, and after repaying the petitioner $1,906.55, Sokol "skipped," with the obvious intention of avoiding his obligation to the petitioner. He was arrested on a warrant which petitioner obtained on a larceny charge, but was released by the court and his whereabouts have *82 since been unknown to the petitioner. There is some reason for questioning, as the respondent has done, why the petitioner should have advanced such large sums of money to Sokol in the circumstances; but such is the evidence before us. There seems to be some confusion as to whether the loss should be claimed as a bad debt loss or as an ordinary loss. Although it was claimed as a bad debt loss in the petition the evidence is that the petitioner advanced the sums to Sokol as a participant in a business venture and that they were to "split the profits." In the circumstances here, however, the distinction is not important. The actuality of the loss is fully established by the evidence and we think the deduction claimed must be allowed. Decision will be entered under Rule 50.